IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 23-51503 |
| | ) | |
| 614 MINISTRIES INC, | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Hoffman |
| | ) | |

### MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) AND LOCAL BANKRUPTCY RULES 1074-1(a) AND 9011-2(b); AND MEMORANDUM IN SUPPORT

The United States Trustee ("U.S. Trustee") hereby moves this court for an order dismissing this case pursuant to 11 U.S.C. § 1112(b) on the grounds that this non-individual Debtor filed this case *pro se* and without counsel in violation of Local Bankruptcy Rules 1074-1(a) and 9011-2(b).

Dated: May 4, 2023

ANDREW R. VARA
UNITED STATES TRUSTEE FOR REGIONS 3 & 9

By:   /s/ Matthew J. McDonald III
Matthew J. McDonald III (0095485)
Attorney for the United States Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Telephone:  (614) 469-7411
Facsimile:  (614) 469-7448
E-mail:  Matthew.J.McDonald@usdoj.gov

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The U.S. Trustee's request for dismissal of this Chapter 11 case is made pursuant to the supervisory duties of the United States Trustee as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to dismiss a Chapter 11 case for "cause" under 11 U.S.C. § 1112(b).

### II.  SUMMARY OF FACTS

The Debtor, 614 Ministries Inc, filed this voluntary Chapter 11 case on May 4, 2023, without an attorney being designated for this non-individual Debtor.  Debtor also filed a previous case, 22-53104, on October 19, 2022, which was dismissed on February 21, 2023.  Debtor's Representative, Adam Baker, has filed three personal bankruptcy cases since January 19, 2022, cases 23-50384, 22-51726, and 22-50156.

### III.  CAUSE EXISTS TO CONVERT OR DISMISS THIS CASE

Under 11 U.S.C. § 1112(b), the court shall dismiss a case for cause, including "failure to comply with an order of the court."[1]  Cause exits for dismissing this case because this non-individual debtor filed this case without being represented by counsel.

The law is well-settled that an entity other than an individual may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder.[2]  Appearances before a federal court are governed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  Although § 1654 permits an individual to proceed *pro se* in federal court, the status does not permit an individual to appear on behalf of a corporation.[3]  Stated another way, a corporation may appear in federal court only through a licensed attorney.[4]  A non-attorney may not represent a corporation even if the would-be representative is the president, the

---

[1] 11 U.S.C. § 1112(b)(4)(E).
[2] *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993) (noting that this "has been the law for the better part of two centuries").
[3] *Strong Delivery Ministry Assoc. v. Board of Appeals,* 543 F.2d 32, 34 (7th Cir. 1976); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear *pro se*.").
[4] *Rowland,* 506 U.S. at 201-02; *In re Bigelow*, 179 F.3d 1164 (9th Cir. 1999); *In re American West Airlines*, 40 F.3d 1058 (9th Cir. 1994) (corporations, as well as other unincorporated associations, must appear in court through an attorney).

sole shareholder, or both.[5] The Sixth Circuit reaffirmed this familiar rule that a corporate officer or shareholder may not represent a corporation.[6]

Moreover, Local Bankruptcy Rule 1074-1(a) specifically states that: "No corporation, partnership, limited liability company or entity other than an individual shall file a petition or appear as a debtor in any case or proceeding unless it is represented by an attorney." Local Bankruptcy Rule 9011-2(b) also specifically prohibits a non-individual entity from filing a bankruptcy petition without counsel: "A corporation, partnership or entity other than an individual shall not appear *pro se* …."

In this case, the Debtor is a corporation and filed the petition without an attorney. Accordingly, without counsel, the Debtor is without representation and the case must be dismissed.

"The Bankruptcy Rules are designed to require debtors to prosecute their cases diligently as the price for holding creditors at bay through the automatic stay and for the other protections provided debtors in the Bankruptcy Code."[7] The failure to abide by the mandatory requirements of the Code by failing to file a verification of the matrix with the list of creditors cannot be cured by the mere filing of the required papers.[8] "A rule permitting late filing to cure failure to meet applicable deadlines, without regard to other considerations, would reward sloppy practice and corner cutting to the detriment of timely and diligent observance of applicable standards."[9] "Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it."[10]

The Debtor's failure to abide by the mandatory requirements of the Code and Rules should not be tolerated. Therefore, this case must be dismissed.

---

[5] *Lowery v. Hoffman*, 188 F.R.D. 651, 654 (M.D. Ala. 1999); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265 (E.D. Wisc. 1991) (president and sole shareholder of corporation could not appear on behalf of corporation, even though corporation could not afford counsel).
[6] *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005) at 603 *citing Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 602-03 (6th Cir. 1988).
[7] *In re Greene*, 127 B.R. 805, 806 (Bankr. N.D. Ohio 1991).
[8] *Id*. at 807.
[9] *Id*.
[10] *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ill. 1991).

## IV. CONCLUSION

The United States Trustee has demonstrated that sufficient cause exits to dismiss this case under 11 U.S.C. § 1112(b). The Debtor is enjoying the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or the Local Rules. Accordingly, this case must be dismissed.

WHEREFORE, based upon the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, if any, the United States Trustee respectfully requests that the Court grant the motion to dismiss this case; and order such other and further relief as it deems appropriate under the circumstances.

Dated: May 4, 2023

ANDREW R. VARA
UNITED STATES TRUSTEE FOR REGIONS 3 & 9

By:   /s/ Matthew J. McDonald III
Matthew J. McDonald III (0095485)
Attorney for the United States Trustee
170 North High Street, Suite 200
Columbus, OH 43215
Telephone: (614) 469-7411
Facsimile: (614) 469-7448
E-mail: Matthew.J.McDonald@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on or about May 4, 2023, a copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) AND LOCAL BANKRUPTCY RULES 1074-1(a) and 9011-2(b); AND MEMORANDUM IN SUPPORT was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

614 Ministries Inc
374 Delaware Dr
Westerville, OH 43081

All Parties in Interest on the Attached Matrix

 /s/ Matthew J. McDonald III
Matthew J. McDonald III

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:23-bk-51503<br>Southern District of Ohio<br>Columbus<br>Thu May  4 14:25:20 EDT 2023 | 614 Ministries Inc<br>374 Delaware Dr<br>Westerville, OH 43081-2706 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 |
| Mike Albert Leasing<br>10340 Evandale Drive<br>Cincinnati, OH 45241-2562 | End of Label Matrix<br>Mailable recipients    3<br>Bypassed recipients    0<br>Total                  3 | |